GERALD W. HUNTER, Respondent, v. FITZ-ROY DEVELOPMENT CORPORATION, Appellant.

Second Department, February 18, 1941.

*Edward A. Harmon,* for the appellant.

*Edwin B. Goddin,* for the respondent.

CARSWELL, J. The defendant owns an apartment house in Kew Gardens with stores on the ground floor. The property on its northerly and easterly sides abuts public highways, that is, Lefferts avenue and Austin street. A station of the Long Island railroad immediately adjoins the property on the southerly and westerly sides. Adjacent to the Long Island railroad station

there is a sidewalk at the rear of and wholly upon defendant's property. The public traverses this sidewalk from Lefferts avenue to the railroad station and also to the several stores in defendant's building, entered from this sidewalk. At the corner of Austin street and the sidewalk leading to the railroad station there was, on defendant's property, a drug store, and nearby, abutting this sidewalk, on defendant's property, was a vacant store.

On January 26, 1939, plaintiff walked along Lefferts avenue until he reached the sidewalk at the rear of defendant's property. He was on his way to the drug store located in defendant's building, after which he purposed taking a train to New York. He turned off Lefferts avenue and onto the sidewalk, going in the direction of the drug store. While so proceeding he fell on a dangerous accumulation of snow and ice on the sidewalk in front of the vacant store. He suffered injuries, for which he has had a judgment.

The defendant asserts that it is not liable because it is the owner of the servient estate in respect of this sidewalk; that the duty to maintain the sidewalk in a safe condition rests upon the owners of the dominant estates under an instrument executed and recorded by defendant's predecessor in May, 1925. That instrument accorded a permanent right of way to the owners of premises adjoining defendant's property (Long Island railroad and others); a right of way to the general public over this sidewalk, and a means of access for pedestrians to premises adjoining the aforesaid right of way.

The instrument invoked by the defendant was obviously designed to give rights which they did not theretofore possess to the public and to owners of adjoining property. The instrument was not designed to diminish or decrease the rights independently possessed by those traversing the sidewalk to do business with the tenants of the defendant. As to this group the sidewalk was a private path. These independent basic rights persisted and coexisted with the added rights arising from the recorded permanent right of way. The store tenants of the defendant as such, and their customers, apart from the instrument in question, had no control of the path or sidewalk used in common as a private pathway by the several storekeepers and their customers. In that capacity the path was and is under the control of the defendant landlord, just as an indoor hallway would be under the control of such a landlord when used in common by the several tenants and the social and business visitors of such tenants.

The defendant landlord, therefore, as to pedestrians traversing the sidewalk as business visitors of the defendant's tenants, of

which plaintiff was one, was under a duty to maintain the sidewalk in a safe condition. (*Costello* v. *Forest Hills Dwellings, Inc.*, 227 App. Div. 736.)

It is not necessary to decide the question in respect of obligations and duties of owners of dominant and servient estates. It likewise is unnecessary to pass upon the extent of defendant's legal obligation in its dual capacity as the holder of the dominant and servient estates because the accident happened in front of an empty store of which the defendant had control, there being no tenant. It also is unnecessary to consider whether defendant's liability might not be sustained on the theory that the dangerous icy condition existed as a consequence of the defendant attempting to clean this particular sidewalk and doing it in a negligent manner, thereby fastening liability on itself, even though it had no legal obligation to undertake to clean the sidewalk.

The order of the Appellate Term should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, TAYLOR and CLOSE, JJ.

Order of the Appellate Term, affirming a judgment of the City Court of the City of New York, County of Queens, in favor of plaintiff, unanimously affirmed, with costs.